ALFRED SANTOS *vs.* VICTOR A. CYR.

JANUARY 29, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case in assumpsit which was heard in the superior court by a justice thereof sitting without a jury. He rendered a decision in favor of the defendant and the plaintiff thereupon duly prosecuted a bill of exceptions to this court. His only exception is to that decision.

Plaintiff's amended declaration contains three counts. Two of them are based substantially on allegations that the defendant undertook to repair a boiler belonging to the plaintiff and agreed with the latter to pay for other repair work necessarily required thereon; but that, although the plaintiff had such work done, the defendant refused to pay the cost thereof. The third count merely alleges in substance that the defendant promised the plaintiff to repair the boiler in a workmanlike manner, but that defendant failed to do so, and plaintiff was forced to have the repairs done by another at great expense.

On the view which we take of the instant case it is not necessary to set out all the facts appearing in evidence. Certain of them are undisputed; others are in sharp conflict. It is not questioned that in March 1945 the defendant, who described himself as an oil burner and oil pump specialist, a master mechanic, and a consulting mechanical engineer, was called to the plaintiff's house in Central Falls to fix an electric oil pump which he had previously installed and which apparently was not operating properly. At that time defendant was asked by the plaintiff's wife to check up on a boiler which was in the cellar as she desired to start a fire in the firebox. This boiler was used to heat the first floor tenement, then vacant, the plaintiff and his family occupying only the tenement on the second floor. The defendant and plaintiff's wife thereupon went to the cellar where he examined the boiler, and after some conversation he built a fire in the firebox. In a short time

steam began to come out of the side of the boiler and the fire had to be extinguished. It is the plaintiff's contention that the defendant, by his conduct, caused an explosion in the boiler damaging it seriously. On the other hand, the defendant maintains that he in no way injured the boiler which must have been already cracked when he started the fire.

The defendant and plaintiff's wife thereafter went upstairs to the latter's tenement and what then took place, in view of the testimony, is in serious dispute. Nevertheless it is agreed that at such time the defendant talked on the telephone with the plaintiff, who was at his place of business, and with the Central Falls police. The defendant also admits signing a certain paper, but denies that the paper introduced in evidence as an exhibit is the one signed by him. The trial justice found that it was and for the purpose of this case we will assume that finding to be correct. However, he made no finding as to the conditions and circumstances existing at the time defendant signed such paper, especially as bearing upon the issue of whether or not he acted under duress in so doing. In our disposition of the case it is not necessary for us to consider that issue and therefore we do not now pass upon it.

The above-mentioned paper, which was put in evidence by the plaintiff, is apparently the basis of his case as declared upon by him. It is offered to prove the alleged contractual obligation by which the defendant specifically directed the plaintiff to have the boiler fixed and to send the bill to him, the defendant, and he would pay it.

A careful consideration of the evidence fails entirely to show that the plaintiff ever had the boiler either fixed, as referred to in the above-mentioned exhibit, or repaired, as set out in his declaration. On the contrary, the evidence clearly discloses that the plaintiff had a new boiler installed and that he is now seeking to recover from the defendant the price of this boiler and the expense of its installation. He introduced evidence showing such amount to be $299.41.

A plumber, who was a witness for the plaintiff and who furnished and installed the new boiler, gave the following testimony: "Q. What did you find was wrong with the boiler? A. I found the back section was broken. Q. The back section was broken? A. That's all we could see. When we took it apart there was another section cracked right beside the broken back section. . . . Q. . . . Now, you installed another boiler? A. Yes, sir. Q. Could you use that boiler? A. It couldn't be used; we couldn't get any section for it. Q. You couldn't get any section for it? A. Not at the time. Q. And you connected up this new boiler? Was the boiler that was there in good shape other than the two sections? A. Yes, it looked to be in good shape otherwise than the broken section when I took it apart." In cross-examination this witness also admitted he did not attempt to repair the boiler.

Nowhere in the evidence does it appear that the defendant ever agreed to pay for a new boiler. His obligation in this case, if any there be, rests in the first instance upon a fair and reasonable construction of the language used in the paper signed by him. Such language certainly does not authorize the furnishing and installation of another boiler at his expense. Furthermore, no evidence whatsoever was presented which could be considered as proof of what it would cost to repair the boiler, which was broken or cracked.

We find, therefore, on this state of the record that the plaintiff has failed to submit any evidence in support of his case as alleged in his declaration, particularly in regard to the repairing of the boiler, or any evidence showing that the plaintiff had such boiler fixed as called for by the paper presented by him as the basis of his claim. In the absence of such material evidence he is not entitled to recover in the present case and the decision of the trial justice for the defendant was without error.

The plaintiff's exception is overruled, and the case is

remitted to the superior court for the entry of judgment on the decision.

*Crowe & Hetherington, Henry E. Crowe, Thomas Hetherington,* for plaintiff.

*Victor A. Cyr,* pro se ipso.